4-4055

Opinion delivered December 2, 1935.

*Duty & Duty,* for appellant.

*W. S. Atkins,* for appellees.

MEHAFFY, J.   On December 16, 1934, the appellee, Melvin Riley, filed suit in the Hempstead Circuit Court against the appellant, alleging that in June, 1934, the appellant issued to Alberta and Carrie Riley a policy of life insurance, and that Melvin Riley was named beneficiary under the terms of the policy, and was to receive $333.33 upon the death of Alberta Riley; that Alberta Riley died on August 20, 1934, and that the insurance company had refused to pay said sum. Judgment was asked for above sum together with interest, 12 per cent. penalty, and attorney's fee.

On January 16, 1935, the appellant filed answer denying all the material allegations in the complaint. On January 21, 1935, T. S. Cornelius, R. V. Herndon and

Murl Cornelius Herndon, partners doing business under the firm name of Hope Furniture Company, filed motion to be made parties plaintiff, and in their petition it was alleged that, prior to the filing of the suit by Melvin Riley, the said Melvin Riley had transferred and assigned his claim against the appellant, to the extent of $108.50. The assignment was in writing, and filed with the appellant. The Hope Furniture Company alleged that it was entitled to $108.50 out of any sum collected from the appellant, and entitled to have that sum paid before the appellee, Melvin Riley, was entitled to recover anything in his own name.

The court granted the order and made the Hope Furniture Company a party, but no summons was issued on the complaint of the Hope Furniture Company. On the same day, January 21, 1935, the court granted judgment in favor of Melvin Riley for $224.83 with 6 per cent. interest and 12 per cent. penalty on $333.33, and an attorney's fee of $100. Judgment was rendered without any service in favor of the Hope Furniture Company against the appellant for $108.50.

Two days after the judgment was rendered Claude Rankin and Alfred Featherston, attorneys for appellant, who had filed the answer of appellant, filed a motion for continuance, setting up that they had been employed prior to the session of the General Assembly of the State of Arkansas, and unable to be present at the defense of the cause at that term of court, and Senator Featherston claimed exemption under the law. It was thereupon ascertained that judgment had already been entered, on the 21st day of January. The attorneys, Rankin and Featherston, then filed a motion to vacate the judgment, which motion was heard on January 23 and overruled. Hence this appeal.

The record shows that the attorneys filed an answer to the complaint on January 16, and the judgment recites, and this is not disputed, that the case was regularly set for trial on January 21, and that defendant's attorneys had been notified. The judgment also recites that the cause was submitted to the court upon the com-

plaint of the plaintiffs, answer of defendant, and the evidence adduced, from which the court finds, etc.

In appellant's motion to vacate the judgment, it states that it has a meritorious defense. It does not, however, state what its meritorious defense is. It states in said motion that it had theretofore filed its answer. In the answer it denied all the allegations of the complaint. It included in its answer several paragraphs from the policy, and also states that, at the time of the application for insurance, and at the time of the delivery of the policy, the assured was suffering from hemorrhage and other physical diseases and complications, and that her statement to the effect that she was in good health and free from disease at the time of the application was untrue and well known by her to be untrue; that same was a warranty, and by reason thereof, said policy became void. It was also alleged in the answer that appellee had assigned her policy and had no interest in it, and that, if anything was due, it was due to the Hope Furniture Company.

In appellant's motion to vacate the judgment, it probably meant for the court to take its answer as its allegation of a meritorious defense.

It first contends that the case should be reversed because no service was had after filing the motion or intervention of the Hope Furniture Company. It could not have been prejudiced by this because the Hope Furniture Company only claimed that it was entitled to recover in the event the appellee, Melvin Riley, recovered, and the intervention of the Hope Furniture Company did not in any way increase the demand against the appellant. It was sued for $333.33 by Melvin Riley, and the Hope Furniture Company merely asked a portion of that amount be adjudged due it. If the appellant owed that amount, it was immaterial to it whether Melvin Riley received all of the judgment, or the Hope Furniture Company received part of it. Moreover, the appellant alleges in its answer that the policy was assigned to the Hope Furniture Company, and that the assignment was on file with it. It knew that the case was set for trial on January 21st, and did not suggest to the court

that it desired a continuance for any reason, did not suggest that either of its attorneys was entitled to have the case continued because of the session of the Legislature, and, although it knew when the case was set for trial, it did not make any move for a continuance until two days after the judgment. No reason is suggested why it did not make its motion for continuance before judgment, and, so far as the record shows, there was no reason why it did not do so.

It is contended by the appellant that the attorney's fee and penalty should not be permitted to stand because the appellee did not recover the amount sued for. As a matter of fact, the appellee did recover the full amount sued for, but $108.50 of it was directed to be paid to the Hope Furniture Company.

Appellant also says that there was no proof introduced as to the amount of the attorney's fee. The record is silent on that question. The judgment does recite that evidence was adduced at the trial. What that evidence is, we do not know.

We think that the record in this case clearly shows the right to recover the amount sued for, together with penalty and attorney's fee. Appellant probably would have been entitled to a continuance if it had made the application in time, but it could not wait until two days after judgment was rendered and then get this judgment set aside and get a continuance. There is nothing in the motion to vacate the judgment that would justify the court in vacating it. It is not claimed by the appellant that it did not know when the case was set for trial, nor is it claimed that there was any unavoidable casualty or misfortune or other cause that prevented appellant from being present on the 21st, when the case was tried.

The judgment of the circuit court is affirmed.